**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER RICHTER, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| | ) | Judge: |
| EXCEL WINDOWS, INC. and PREBIL INSTALLATION CO., | ) ) ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff Christopher Richter, on behalf of himself and all other persons similarly situated, known and unknown, in support of his Complaint against Defendants Excel Windows, Inc. and Prebil Installation Co. (herein collectively "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     Plaintiff's claims against Defendants arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, for Defendants' failure to pay Plaintiff and other similarly-situated employees overtime wages.

2.     Plaintiff and other similarly-situated persons are current and former employees of Defendants who performed carpentry work, including window and door installation, during the prior three years and who regularly worked more than forty (40) hours during individual work weeks but were not paid overtime at the correct rate.

3.     Plaintiff alleges that the relationship between Defendants Excel Windows, Inc. and Prebil Installation Co. is a "fissured" employment relationship. Such a relationship occurs when a

larger company (Excel) attempts to shed its role as a direct employer and purports to disassociate itself from the workers responsible for its services (albeit maintaining tight control over the method, manner, quantity, and quality of production). The practice of outsourcing an employer's responsibilities and obligations to subordinate entities and subcontractors is highly profitable for companies like Excel, but results in stagnation of wages and benefits and causes rampant violations of wage-and-hour laws. *See e.g.*, David Weil, *The Fissured Workplace: Why Work Became So Bad for So Many and What Can Be Done to Improve It* (Harvard Univ. Press, Feb. 3, 2014); David Weil, *Enforcing Labour Standards in Fissured Workplaces: The US Experience*, 22 Econ. & Lab. Rel. Rev. 2, at 33-54 (July 2011).

4.      Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative Plaintiff is attached hereto as Exhibit A.

**THE PARTIES**

5.      Plaintiff Christopher Richter resides in and is domiciled in Worth, Illinois, within this judicial district.

6.      During the prior three years, Plaintiff was employed by Defendants as a carpenter installing windows and doors.

7.      Defendant Excel Windows, Inc. ("Excel") is an Illinois corporation with locations in Glendale Heights, Illinois and Tinley Park, Illinois, within this judicial district.

8.      Defendant Excel is owned and operated by Chris Vuko, a resident of Illinois.

9.      During the prior three years, Defendant Excel was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

10.      Defendant Excel is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the

meaning of the FLSA.

11.     Defendant Prebil Installation Co. ("Prebil") is an Illinois company located in DeKalb, Illinois, within this judicial district.

12.     During the prior three years, Defendant Prebil was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS 105/3(c).

13.     Defendant Prebil is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

14.     At all times relevant hereto, Plaintiff was Defendants' "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS 105/3.

15.     Throughout his employment by Defendants, Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207, or the IMWL, 820 ILCS 105/4a.

**JURISDICTION AND VENUE**

16.     This Court has jurisdiction over Plaintiff's Fair Labor Standards Act claim pursuant to 28 U.S.C. § 1331 under 29 U.S.C. § 216(b).

17.     This Court has supplemental jurisdiction over Plaintiff's Illinois Minimum Wage Law claim pursuant to 28 U.S.C. § 1367(a).

18.     Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

19.     During the relevant period, Defendant Prebil contracted with Defendant Excel to provide Excel with laborers to perform carpentry work for Excel's customers.

20.     Plaintiff and other similarly-situated employees were employed by Defendant

Prebil to work regularly and exclusively for Defendant Excel.

21.     Defendants Prebil and Excel acted directly and/or indirectly in the interest of one another in employing Plaintiff and other similarly-situated employees.

22.     During one or more work weeks in the prior three years, Plaintiff was paid by Defendant Excel. *See* Paychecks attached hereto as Exhibit B.  In other work weeks during the prior three years, Plaintiff was paid by Defendant Prebil.

23.     Plaintiff and other similarly-situated employees traveled to and from jobs in a work truck provided by Defendant Excel.

24.     Excel owner Chris Vuko or another foreman from Defendant Excel would periodically stop by job sites where Plaintiff and other similarly-situated employees were working and would direct, supervise, and instruct their work.

25.     Plaintiff and other similarly-situated employees used equipment provided by Defendants Excel and Prebil, including ladders, planks, metal materials, and screws to perform carpentry work for Excel's customers.

26.     Defendant Excel's owner Chris Vuko had the power to terminate Defendant Prebil's employees and in fact terminated Plaintiff's employment with both Defendants Excel and Prebil. Mr. Vuko also authorized Plaintiff's subsequent rehire with Plaintiff Prebil.

27.     Defendant Excel exercised control over Plaintiff's and other similarly-situated employees' employment such that Defendants Excel and Prebil shared or co-determined matters governing the essential terms and conditions of their employment

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**
**(Collective Action – Plaintiff on behalf of himself and others similarly situated)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.

28.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for their failure to pay Plaintiff and other similarly-situated employees overtime wages at one and one-half times their regular rate.

29.     At all times relevant hereto, Plaintiff was not exempt from the overtime provisions of the FLSA. 29 U.S.C. § 207.

30.     At all times relevant hereto, other similarly-situated employees were not exempt from the overtime provisions of the FLSA. 29 U.S.C. § 207.

31.     Plaintiff was directed by Defendants to work, and he did work, in excess of forty (40) hours during one or more individual work weeks during the last three (3) years.

32.     Other similarly-situated employees were directed by Defendants to work, and they did work, in excess of forty (40) hours during one or more individual work weeks during the last three (3) years.

33.     Pursuant to Section 207 of the FLSA, Plaintiff and other similarly-situated employees were entitled to be paid overtime at one and one-half times their regular rates when they worked more than forty (40) hours per work week. 29 U.S.C. § 207.

34.     Instead, Defendants paid Plaintiff his regular, straight-time hourly rate for all time worked in excess of forty (40) hours during individual work weeks.

35.     Defendants paid similarly-situated employees their regular, straight-time hourly rates for all time worked in excess of forty (40) hours during individual work weeks.

36. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate violated the overtime provisions of the FLSA. 29 U.S.C. § 207.

37. Defendants' failure to pay other similarly-situated employees overtime wages at a rate of one and one-half times their regular rates violated the overtime provisions of the FLSA. 29 U.S.C. § 207.

38. Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiff and other similarly-situated employees pray for a judgment against Defendants as follows:

A. a determination that Defendant Excel and Defendant Prebil were joint employers of Plaintiff and other similarly-situated employees and are each jointly and severally liable for the alleged FLSA violations;

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of owed overtime wages;

D. reasonable attorneys' fees and costs incurred in the prosecution of this action; and

E. such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law – Overtime Wages**
**(Individual Action)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

39. This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 1051/1, *et seq.*, for their failure to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate for all time worked in excess of forty (40) hours during individual work weeks.

40.     At all times relevant hereto, Plaintiff was not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

41.     Defendants directed Plaintiff to work, and Plaintiff did work, in excess of forty (40) hours in one or more work weeks during the last three (3) years.

42.     Pursuant to the IMWL, Plaintiff was entitled to be paid at one and one-half times his regular rate when he worked more than forty (40) hours during individual work weeks.

43.     Instead, Defendants paid Plaintiff his regular, straight-time hourly rate for all time worked in excess of forty (40) hours during individual work weeks.

44.     Defendants' failure to pay Plaintiff overtime wages at one and one-half times his regular rate violated the overtime provisions of the IMWL. 820 ILCS 105/4a.

45.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for up to three years prior to the filing of this lawsuit, plus punitive damages in an amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      a determination that Defendant Excel and Defendant Prebil were Plaintiff's joint employers and that each are jointly and severally liable for the alleged IMWL violation;

B.      a judgment in the amount of all overtime wages owed to Plaintiff;

C.      punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.      reasonable attorneys' fees and costs incurred as provided by the IMWL; and

E.      such other and further relief as this Court deems appropriate and just.

Dated:  August 12, 2015

                                       Respectfully submitted,


                                       s/Douglas M. Werman
                                       One of Plaintiff's Attorneys


Douglas M. Werman –dwerman@flsalaw.com
Maureen A. Salas- msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Zachary C. Flowerree – zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312-419-1008